UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID ANDREWS,

    Plaintiff,

v.

B. MARTINEZ, et al.,

    Defendants.

Case No. 17-cv-04363-YGR (PR)

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FAC; GRANTING DEFENDANTS' MOTION TO SCREEN FAC; SERVING COGNIZABLE CLAIMS AND DISMISSING OTHER CLAIMS; AND ADDRESSING OTHER PENDING MOTIONS**

## I. BACKGROUND

Plaintiff, a state prisoner currently incarcerated at the California Training Facility ("CTF"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive relief and monetary damages. His motion for leave to proceed *in forma pauperis* has been granted.

In an Order dated January 23, 2018, the Court conducted an initial review of the complaint, and issued an Order serving Plaintiff's cognizable due process claim against the following Defendants: Correctional Counselors B. Martinez, G. Walters, and F. Gutierrez; Correctional Officer C. Hoyt; Commissioner A. Anderson; and Psychologist C. Carman. *See* Dkt. 15. The Court gave the following background:

> Plaintiff claims that on April 30, 2015, he was informed that his parole hearing was scheduled on October 28, 2015. Dkt. 1 at 7. Thereafter, on June 30, 2015, Plaintiff was informed that the hearing was rescheduled to November 17, 2015. *Id.*
>
> Plaintiff points out that "prior to a life prisoner's initial parole consideration hearing, a Comprehensive Risk Assessment ("CRA") will be performed by a licensed psychologist employed by the Board of Parole Hearings ("BPH")." *Id.* at 8. On October 7, 2015, Plaintiff claims that he was interviewed by Defendant Carman, a BPH psychologist, who generated a CRA report that "intentionally omitted material facts and relied on and incorporated false and erroneous information that builds a record that . . . conflicted with the trial testimony and other pre-existing records." *Id.* Plaintiff also claims that "the opinion report was not supported by the use of structured professional approaches in its preparation." *Id.* Plaintiff claims that "[California Department of Corrections and Rehabilitation] and BPH rules require that Plaintiff be provided a copy of the CRA report before the November 17, 2015 parole consideration hearing," but that he was never provided a copy of that report by his correctional counsel, Defendant Martinez, who was "responsible for ensuring that

the Plaintiff receive a copy of the CRA report" before his parole hearing. *Id.*

Plaintiff claims that in preparation for his parole hearing on November 17, 2015, he provided his correctional counselors, Defendants Martinez and Walters, with documents that were supposed to be scanned into his file for the hearing. *Id.*

During the November 17, 2015 parole hearing, Plaintiff explained that he did not receive a copy of the CRA report. *Id.* at 9. Plaintiff also noted that the documents he gave to Defendants Martinez and Walters were tampered with because some "substantive pages" were removed and the remaining pages had been "co-mingled." *Id.* Therefore, the hearing was postponed. *Id.*

After the postponement, Plaintiff was given a copy of the CRA report. *Id.*

On January 15, 2016, Defendant Gutierrez allowed Plaintiff to review his file, and Plaintiff was able to "observe that the documents that were delivered to Defendants Walters and Martinez had been exercised and shuffled." *Id.* at 9-10. Plaintiff claims that Defendant Gutierrez "helped conceal [Defendants Walters's and Martinez's] participation" in tampering with the documents. *Id.* at 10.

On January 19, 2016, Plaintiff filed a 602 inmate appeal complaining about the "staff misconduct and record document destruction." *Id.* Plaintiff claims that he exhausted this appeal to the highest level available to him. *Id.* at 18.

On March 22, 2016, Plaintiff appeared before the hearing panel, which continued the hearing for another six month, "pending the circumstances that blocked the Plaintiff's efforts to present and incorporate the subject documents into the file and record." *Id.* at 11. On July 26, 2016, Plaintiff re-submitted documents for inclusion into the file and record for the upcoming September 8, 2016 parole hearing. *Id.* at 12.

Prior to the September 8, 2016 hearing, Plaintiff claims that Defendants Hoyt and Anderson refused to allow Plaintiff to "return to his housing unit to retrieve necessary hearing documents." *Id.* at 13.

During the September 8, 2016 hearing, Defendant Anderson refused to allow Plaintiff to submit his aforementioned documents "for the purpose that they be put on the record or incorporated into the record." *Id.* at 14. Plaintiff further claims that "the panel did not allow the Plaintiff an opportunity to rebut or challenge the CRA report on the record." *Id.* Plaintiff adds that Defendant Anderson "incorporated parol[e] mis-information that was refuted by the trial transcripts into the record in order that the refuted parol[e] mis-information be memorialized and perpetuated as fact and used in a future hearing." *Id.* at 15.

Plaintiff alleges that "because of the defendants['] actions [his] CDCR and BPH record, as not compiled, is devoid of the matter and

> information that due process requires . . . ." *Id.* at 16. As relief, Plaintiff seeks monetary damages as well as an opportunity
>
>> to permanently remove the impacted CRA report from the Plaintiff's file and to conduct a new and unbiased hearing whereupon matters of record may be resolve and jointly improved by the parties, to coincide with the trial testimony and the Plaintiff shall be allowed to participate and incorporate documents and trial testimony based evidence into the proceeding record.
>
> *Id.* at 26.

Dkt. 15 at 2-4. As mentioned above, the Court found that, liberally construed, Plaintiff stated a cognizable due process claim against Defendants Martinez, Walters, Gutierrez, Carman, Hoyt, and Anderson. *Id.* at 4. In making this determination, the Court stated as follows:

> . . . it appears that Plaintiff is attempting to state a due process violation. In essence, Plaintiff alleges that his prison file contains false, inaccurate and incomplete information, which was unfairly used against him at his September 8, 2016 parole suitability hearing (during which the Court assumes he was denied parole). The inaccuracy of records compiled or maintained by the government is not, standing alone, sufficient to state a claim of constitutional injury under the Due Process Clause. *See Paul v. Davis*, 424 U.S. 693, 711-714 (1976). However, Petitioner's due process claim may arise instead from a deprivation authorized by state law. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976) (recognizing that interests protected by the Due Process Clause may arise from two sources—the Due Process Clause itself and laws of the states). A deprivation authorized by state law may also amount to a deprivation of a procedurally protected liberty interest, if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e. give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *See Sandin v. Conner*, 515 U.S. 472, 477-87 (1995).

*Id.* The Court further noted that Plaintiff had also named Defendants Hatton, Dzioba, Shaffer, Christensen, and Melendrez in his complaint. *Id.* However, the Court dismissed these Defendants because Plaintiff did not allege that they actually or proximately caused the deprivation of any federally protected right. *Id.* (citing *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988)).

The Court served the complaint on Defendants Martinez, Walters, Gutierrez, Carman, Hoyt, and Anderson, and issued a briefing schedule. *Id.* at 5-7.

Thereafter, before the served Defendants could file their answer, Plaintiff filed a motion for leave to file an amended complaint, and he attached his First Amended Complaint ("FAC").

*See* Dkts. 20, 20-1. Plaintiff claims that in his FAC, he "more thoroughly alleges the dismissed defendants' personal participation and knowledge of [his] deprivations together with the defendants' knowledge of their obligations to prevent the deprivations." Dkt. 20 at 3. Plaintiff has also filed a "Motion for Referral to the Court's Alternative Dispute Resolution Program (Mediation)." Dkt. 23.

Defendants have since filed a "Motion to Screen Plaintiff's [FAC]; Motion to Stay; and Waiver of Reply," in which they state that they do not oppose Plaintiff's motion for leave to file his FAC and that they request for the Court to stay their time to file an answer and dispositive motion until after the Court screens the FAC. Dkt. 22. Defendants then filed a motion for an extension of time to file their dispositive motion. Dkt. 28.

For the reasons outlined below, the Court GRANTS Plaintiff's a motion for leave to file his FAC; GRANTS Defendants' motion to screen the FAC; serves the cognizable claims and dismisses the remaining claims from the FAC; DENIES Defendants' motion to stay as moot; and GRANTS Defendants' motion for an extension of time to file their dispositive motion.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

4

## B. Amended Claims Against Dismissed Defendants

Liberally construed, it appears that Plaintiff's FAC states a cognizable due process claim against the following previously-dismissed Defendants:

1) Defendant Hatton, who Plaintiff claims "learned about Plaintiff's rights being violated and despite being obligated to prevent Plaintiff's deprivations, took steps to communicate with and buttress other defendants, and agreed on a course of conduct that involved personal participation," dkt. 20-1 at 21-22;

2) Defendant Dzioba, who "violated California codes, mis-handled file and record documents, allowed intentionally mutilated information transmittal, attempted to conceal the mis-handling by spurious and/or non-existent policy and procedure references, after communicating and agreeing with other defendants, the effects of which resulted in Plaintiff's rights to access and procedure being denied," *id.* at 22;

3) Defendant Shaffer, who "refused to review or issue a written response to the CRA Objection, Challenge and Rebuttal, resulting in a materially adulterated record of facts set during the September 8, 2016 hearing" *id.* at 23; and

4) Defendant Melendrez, who "was aware or should have been aware, that the entry of the mutilated documents violated state codes and Plaintiff's due process rights during parole board hearings and that he was under the obligation to protect the integrity of the records and chose otherwise," *id.* at 13.

Therefore, liberally construed, Plaintiff has stated a cognizable claim of a violation of due process against Defendants Hatton, Dzioba, Shaffer, and Melendrez.

Meanwhile, Plaintiff's claim involving Defendant Christensen, the attorney who represented him during his parole hearing on November 17, 2015, stems from the fact that "during the [November 17, 2015] proceedings, Presiding Commissioner Michele Minor asked if the Plaintiff's rights 'had been met thus far?' [and] [Defendant] Christensen falsely responded, 'Yes. They have.' *Id.* at 10. Plaintiff claims that "[i]t was immediately thereafter exposed that the Plaintiff had not been provided a copy of the CRA opinion report and the documentary evidence and material that was delivered to [D]efendants Walters and Martinez had been gleaned by

removal of substantive pages and the remainder pages had been co-mingled." *Id.* Thus, as explained above, the hearing had to be postponed. *Id.* Plaintiff's claims against Defendant Christensen are DISMISSED because a defense attorney, or in this case an attorney who represents a prisoner during a parole hearing, does not act under color of state law when performing an attorney's traditional functions, including responding to the commissioner during a parole hearing, as was alleged in the instant case. *Polk County v. Dobson*, 454 U.S. 312, 318-19 (1981). It does not matter that the defense attorney failed to exercise independent judgment; it is the nature and context of the function performed (or omitted) by that attorney that is determinative under *Polk County*. *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc). Therefore, Plaintiff fails to state a cognizable claim against Defendant Christensen under section 1983, and any such claims are DISMISSED for failure to state a claim for relief.

## III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's a motion for leave to file his FAC is GRANTED. Dkt. 20. The Clerk of the Court is directed to file the document attached to Plaintiff's motion, *see* dkt. 20-1, and docket it as Plaintiff's "First Amended Complaint." Meanwhile, Plaintiff's "Motion for Referral to the Court's Alternative Dispute Resolution Program (Mediation)" is DENIED as premature. Dkt. 23.

2. The served Defendants' motion to screen the FAC is GRANTED, and their motion to stay is DENIED as moot. Dkt. 22.

3. The served Defendants' motion for an extension of time to file their dispositive motion is GRANTED. Dkt. 28. They are directed to file a joint dispositive motion with Defendants Hatton, Dzioba, Shaffer, and Melendrez, and the parties are directed to follow the new briefing schedule outlined below.

4. The Court finds that Plaintiff has stated a cognizable claim of a violation of due process against Defendants Hatton, Dzioba, Shaffer, and Melendrez, in addition to the previously-served Defendants (Martinez, Walters, Gutierrez, Carman, Hoyt, and Anderson).

5. Plaintiff's claims against Defendant Christensen are DISMISSED for failure to state a claim for relief.

6. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and FAC (dkts. 1, 20-1) and all attachments thereto and a copy of this Order to the following Defendants who are either at CTF or employed by the BPH: **Correctional Counselors B. Martinez, G. Walters, and F. Gutierrez; Correctional Officer C. Hoyt; Commissioner A. Anderson; and Psychologist C. Carman.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the served Defendants' attorney. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

7. Defendants Hatton, Dzioba, Shaffer, and Melendrez are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if these Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if these Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), these Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) These Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before these Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

8. The served Defendants along with Defendants Hatton, Dzioba, Shaffer, and Melendrez (hereinafter collectively referred to as "Defendants") shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action for *all* Defendants:

   a. No later than **sixty (60) days** from the date Defendants Hatton, Dzioba,

Shaffer, and Melendrez's answer is due, Defendants shall file a joint motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

        b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce *evidence* in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself

and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c. Defendants shall file a reply brief no later than **twenty-eight (28) days** after the date Plaintiff's opposition is filed.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

10. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel.

11. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

12. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

13. This Order terminates Docket Nos. 20, 22, 23, and 28.

IT IS SO ORDERED.

Dated: July 24, 2018

                                        YVONNE GONZALEZ ROGERS
                                        United States District Judge