UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANDREWS,<br><br>    Plaintiff,<br><br>v.<br><br>B. MARTINEZ, et al.,<br><br>    Defendants. | Case No. 17-cv-04363-YGR (PR)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS; AND DIRECTING THEM TO FILE A MOTION FOR SUMMARY JUDGMENT** |

This is a federal civil rights action. Defendants' motion to dismiss on grounds that Plaintiff has failed to state claims for relief is DENIED. Dkt. 42. As the Court has found in its Amended Order screening the First Amended Complaint, Plaintiff's allegations, when liberally construed, appear to state a cognizable due process claim against Defendants. *See* Dkt. 30. Defendants' grounds for dismissal are more properly raised in a motion for summary judgment. Accordingly, Defendants shall file a motion for summary judgment within **twenty-eight (28) days** from the date this Order is filed. Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed. Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend. Defendants are reminded that a motion for summary judgment must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). Defendants shall provide the following notice to Plaintiff when they file and serve any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Also before the Court is Plaintiff's pending motion for summary judgment (dkt. 46), which Defendants have opposed. As explained above, the Court has denied Defendants' pending motion to dismiss and has directed Defendants instead to file a motion for summary judgment. The Court will resolve Plaintiff's motion for summary judgment and any other remaining pending motions (*see* dkts. 51, 55, 59) after Defendants have filed their motion for summary judgment.

This Order terminates Docket No. 42.

IT IS SO ORDERED.

Dated:  July 9, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge